<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL RUFFIN, | : | Civil Action No. 11-6219 (RBK) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| APPLE AMERICAN GROUP, LLC. at el., | : | |
| Defendants. | : | |

This matter comes before the Court upon Plaintiff's submission of two documents, one being titled "Affidavit of Fact Notice of Judicial Error," <u>see</u> Docket Entry No. 3, and another being titled "Affidavit of Fact Writ of Liable," <u>See</u> Docket Entry No. 4, and it appearing that:

1. On October 20, 2011, the Clerk received Plaintiff's submission titled "Affidavit of Fact," <u>See</u> Docket Entry No. 1, which the Clerk construed as a civil complaint. <u>See</u> Docket. This "Affidavit of Fact" was executed in the style and utilized the argot common to legal submissions made by persons who qualify themselves as "Moorish," "Marrakush," "Murakush" or akin, which terms are often used to indicate "redempotionist" and/or "sovereign citizen" socio-political position. <u>See</u> <u>Bey v. Stumpf</u>, 2011 U.S. Dist. LEXIS 120076, at *2-13 (D.N.J. Oct. 17, 2011) (detailing various aspects of said position).

2. The aforesaid "Affidavit of Fact" submitted by Plaintiff arrived unaccompanied by either his application to prosecute the instant matter <u>in forma pauperis</u> ("IFP") or by the applicable filing fee of $350. <u>See, generally</u>, Docket. Correspondingly, the Clerk issued Plaintiff a letter informing Plaintiff of his obligation to either prepay the applicable filing

         fee or to submit Plaintiff's IFP application.  <u>See</u> Docket Entry No. 1-1.  The Clerk's letter informed Plaintiff that Plaintiff's IFP or filing fee should be received within 21 days from the date of issuance of the Clerk's letter.  <u>See id.</u>

3. Plaintiff neither submitted his IFP nor prepaid his filing fee in response to the Clerk's letter.  <u>See</u>, <u>generally</u>, Docket.  Consequently, three and a half weeks later, this Court issued an order denying Plaintiff IFP status without prejudice.  <u>See</u> Docket Entry No. 2.

4. In response, Plaintiff neither prepaid his filing fee nor did he submit his IFP application.  <u>See</u>, <u>generally</u>, Docket.  Rather, Plaintiff submitted his "Affidavit of Fact Notice of Judicial Error," <u>see</u> Docket Entry No. 3, an 11-page document which content could be reduced to a statement that Plaintiff elected to calculate the 21-day period by excluding from that period all weekend days and holidays.  <u>See id.</u>

5. This "Affidavit of Fact Notice of Judicial Error" was soon followed by Plaintiff's "Affidavit of Fact Writ of Liable," <u>See</u> Docket Entry No. 4, a 41-page submission, seemingly striving to operate as Plaintiff's amended complaint.  <u>Compare</u> Docket Entry No. 1 to Docket Entry No. 4.  Much like Plaintiff's original complaint, Plaintiff's voluminous amended complaint was executed in the style and utilized the argot common to legal submissions made by persons who qualify themselves as "Moorish," "Marrakush," "Murakush" or akin.  <u>See id.</u>

6. To the degree Plaintiff wishes to utilize this legal proceeding in order to express his socio-political beliefs, Plaintiff's submissions are frivolous.  Socio-political rhetoric has no place in legal disputes, since this Court's Article III, § 2, cl. 1, mandate is limited to resolution of legal cases and controversies.

7. However, this Court cannot rule out the possibility that Plaintiff has bona fide intent to litigate a legal dispute, and Plaintiff's submission of his original and amended complaints, as well as his submission of "Affidavit of Fact Notice of Judicial Error" was merely a result of Plaintiff's confusion resulting from massive public dissemination of hoax "Moorish/Marrakush" forms available online and even in hard copy. See Bey v. Stumpf, 2011 U.S. Dist. LEXIS 120076, at *28-36 (detailing the nature of this ill and providing examples of such hoax forms).

8. Therefore, being mindful of Plaintiff's pro se litigant status and, hence, Plaintiff's susceptibility to confusion by sources that might appear legitimate regardless of the hoax products these sources disseminate, this Court finds it warranted to allow Plaintiff another opportunity to litigate his legal claims, if any, by submitting: (a) either Plaintiff's filing fee of $350 or his IFP application duly executed under penalty of perjury; and (b) Plaintiff's re-amended complaint.  The Court stresses that Plaintiff's IFP application and his re-amended complaint, if submitted, should be void of any "Moorish/Marrakush" argot or legal claims.  In other words, Plaintiff shall utilize the forms provided by the Clerk and complete these forms in plain and simple English, with references to current and relevant United States law (and, if applicable, current and relevant New Jersey state law).  In order to assist Plaintiff in that endeavor, the Court: (a) will direct the Clerk to provide Plaintiff with a copy of the decision entered in Bey v. Stumpf, 2011 U.S. Dist. LEXIS 120076, which the Court urges Plaintiff to study with utmost degree of diligence and care in order to avoid frivolous and/or meritless factual or legal assertions; and (b) allow Plaintiff ample time to execute a proper IFP application (in the event Plaintiff

qualifies as indigent within the meaning of 28 U.S.C. § 1915) and a clear, concise and thoughtful re-amended complaint detailing Plaintiff's facts and legal position(s) based solely on the currently operable and relevant law. The Court also takes this opportunity to warn Plaintiff that Plaintiff's persistence at submitting documents executed in "Moorish" or "Marrakush" style and/or argot would result in conclusive closure of this matter and might cause imposition of sanctions, if warranted.

> "The courts in this nation stand ready to address challenges brought by litigants in good faith. Which, in turn, means that the judiciary — including the Judges in this District — expect litigants to treat their litigation with utmost seriousness, without abusing legal process and without unduly testing of the resolve or common sense of the judiciary." In re Telfair, 745 F. Supp. 2d 536, 2010 U.S. Dist. LEXIS 110681, at *130 (D.N.J. Oct. 15, 2010).
>
>> Th[is] Court does not know why M.K., K.S., K.C., Bey, El, etc. have chosen to file their labyrinthine, multi-defendant . . . actions in federal courts over the years, or why they have elected to file the Instant Matter, . . . in the last few weeks. What the Court does know is that many of these actions appear frivolous on their face, and all have been filed at no cost to these litigants (given that they have not retained counsel, have not paid filing fees, and in most cases have filed facially insufficient, mockery-of-the-court-like IFP petitions). In stark contrast to the numerous free rides through the federal judicial system that these litigants have been enjoying, their litigiousness has exacted and will continue to exact a heavy price on the finite resources of this District Court and other federal courts at district level and, hence, on litigants in other matters as to whom justice will be delayed while those scarce [judicial] resources are expended to process M.K., K.S., K.C., Bey and El's bounty. See Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) ("Frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants"); Procup v. Strickland, 792 F.2d 1069, 1072 (11th Cir. 1986) (en banc) ("Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge"). The undersigned will not sit idly by as this District Court is

> inundated with harassing and vexatious litigation arising from whatever M.K., K.S., K.C., Bey and El's perceived multimillion-dollar constitutional affront du jour might be.

Bethel v. Bosch, 2010 U.S. Dist. LEXIS 128065, at *13 (S.D. Ala. Dec. 2, 2010).

Murakush Caliphate of Amexem Inc. v. New Jersey, 790 F. Supp. 2d 241, 267 (D.N.J. 2011) (original brackets and ellipses removed).

IT IS, THEREFORE, on this   12th   day of     January    , 2012,

ORDERED that the Clerk shall reopen this matter for the purposes of this Court's examination of Plaintiff's submissions, docketed as Docket Entries Nos. 3 and 4, by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's application titled "Affidavit of Fact Notice of Judicial Error," see Docket Entry No. 3, submitted in lieu of Plaintiff's valid application to proceed in forma pauperis, is dismissed; and it is further

ORDERED that Plaintiff's application to proceed in forma pauperis is denied without prejudice; and it is further

ORDERED that the Clerk shall administratively terminate this action without filing the complaint or assessing a filing fee; and it is further

ORDERED that Plaintiff may this matter reopened in the event Plaintiff submits, within thirty days from the date of entry of this Memorandum Opinion and Order Plaintiff's filing fee of $350 or Plaintiff's duly executed application to proceed in forma pauperis.  The Court stresses that Plaintiff's assertions that such thirty days should not be calendar days but, rather, should be weekdays on which no federal or state holiday falls would be deemed mockery of the Court, and

– if appropriate – the Court might consider sanctioning Plaintiff for asserting such position; and it is further

ORDERED that, in the event Plaintiff timely submits either his filing fee of $350 or Plaintiff's duly executed application to proceed in forma pauperis, Plaintiff shall accompany such submission by Plaintiff's re-amended complaint, which shall be a clear and concise document executed in plain and simple English, detailing Plaintiff's facts and legal position(s) based solely on the currently operable and relevant law, and drafted in accordance with the guidance provided to Plaintiff herein and guidance provided in Bey v. Stumpf, 2011 U.S. Dist. LEXIS 120076; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail, and include in the said mailing: (a) one blank application form for individuals wishing to prosecute a civil complaint in forma pauperis; (b) one blank civil complaint form; and (c) a copy of the opinion docketed in Nin El Ameen Bey et al. v. Stumpf et al., Civil Action No. 11-5684 (RBK) (D.N.J.), Docket Entry No. 2; and it is finally

ORDERED that the Clerk shall terminate this matter by making a new and separate entry on the docket reading "CIVIL CASE ADMINISTRATIVELY TERMINATED."

s/Robert B. Kugler  
**Robert B. Kugler**  
**United States District Judge**